IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JULIUS THOMPSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-018 |
| | ) | |
| VERONICA STEWART; RICKY WILCOX; | ) | |
| and ANTIONETTE JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's second amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE AMENDED COMPLAINT**

   A.   **BACKGROUND**

In his second amended complaint, Plaintiff names Defendants: (1) TSP Deputy Warden Veronica Stewart, (2) TSP Deputy Warden Ricky Wilcox, and (3) TSP Chief Counselor Antionette Johnson. (Doc. no. 12, pp. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Before arriving at TSP, Plaintiff was in custody at State Smith Prison ("SSP") in Glennville, Georgia. (Id. at 10.) While at SSP, Plaintiff was assaulted because he was a "non-active gang member" who refused to participate in gang activities. (Id.) After the assault, Plaintiff filed a Prison Rape Elimination Act ("PREA") complaint about the incident. (Id.) Since filing the PREA complaint, Plaintiff has been assaulted by other inmates in multiple facilities. (Id.) At nonspecific points after arriving at TSP, Plaintiff made several written and verbal requests to Defendants Stewart, Wilcox, and Johnson to be transferred to protective custody because he feared for his life and because he was a previous victim of assaults due to the PREA incident. (See id. at 4-5, 7, 11.) These requests were all denied. (See id. at 5.)

On January 25, 2023, Plaintiff's cellmate stabbed Plaintiff five times in their cell; two times in the head and three times in other places. (Id. at 5.) TSP medical staff attended to Plaintiff's injuries, and Plaintiff received stitches. (Id.) Plaintiff filed a grievance and continues to file written and verbal requests for transfer to protected custody since the January assault; as of April 12, 2023, Plaintiff still remains in general custody with active gang members. (Id. at 7-8.) Plaintiff seeks compensatory damages and medical payments. (Id. at 5.)

B.   **DISCUSSION**

1.   **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Failure to Protect Claim

"A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations

4

omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff alleges that Defendants failed to protect him by not placing him in protective custody at TSP due to his general fear of gang members after he filed a PREA complaint at SSP. However, Plaintiff does not allege that Defendants knew of any *specific* threats that would have suggested placement in protective custody at TSP was necessary, nor does he allege he informed Defendants of any direct threats by specific inmates that might have invoked a substantial risk of harm. "[A] plaintiff . . . must show more than a 'generalized

5

awareness of risk'" when stating a claim for failure to protect. Caldwell, 748 F.3d at 1101. In order to show more than a general risk of violence, a plaintiff must provide prison officials with "further information enabling them to conclude that the risk was substantial and not merely possible." Marbury v. Warden, 936 F.3d 1227, 1236 (11th Cir. 2019). For example, in Caldwell, prison staff defendants sent a plaintiff inmate to a cell despite having knowledge of the cellmate's violent history—including an instance where the cellmate started a fire in plaintiff's cell—and the plaintiff's statements to defendants that he "feared that his life would be in danger" in regard to his cellmate. 748 F.3d at 1092, 1100. The Court held that the allegations were sufficient "[to] infer . . . defendants actually knew [plaintiff] faced a substantial risk of serious harm" from his cellmate. Id. at 1100.

According to Plaintiff, Defendants knew he (1) had previously been assaulted by gang members in another prison, and (2) feared for his life due to filing a PREA complaint. Plaintiff does not claim that he specifically feared the cellmate who stabbed him, that his cellmate had made threats to Plaintiff prior to the January 25th incident, that his cellmate was a gang member, or that he assaulted Plaintiff because of his previous PREA complaint. Nor does he claim he provided any specific details to Defendants suggesting the cellmate presented a substantial risk of serious harm to Plaintiff. That Plaintiff was attacked at prior prisons is not sufficient, by itself, to create a substantial risk of serious harm at TSP. A general fear without any specific threats made to an inmate is not enough information for Defendants to conclude there was a substantial risk of serious harm to Plaintiff. See Reid v. Polk, No. 3:14-CV-1408-J-34JRK, 2018 WL 1426428, at *9-11 (M.D. Fla. Mar. 22, 2018) (finding inmate's general fear of "predatory group of inmates (gang members and convicted murderers)" in dorm did not support failure to protect claim). There was no deliberate indifference here as Defendants

6

were unaware of any substantial risk to Plaintiff. Even if Defendants were deliberately indifferent, Plaintiff has also failed to allege sufficient facts to support a causal connection between Defendants' transfer request denial and the assault on Plaintiff. For these reasons, Plaintiff fails to state a claim against Defendants.

### 3. Plaintiff Official Capacity Monetary Damages Claims

Plaintiff is suing Defendants in their official capacities. (Doc. no. 12, pp. 2-3.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fails as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of June, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA